# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| PURL ROBERT SILK, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:05-CV-0564 TLS |
| ED BUSS, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Purl Silk, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with loss of earned credit time in a prison disciplinary hearing. On June 22, 2005, Correctional Officer Miller prepared a conduct report charging Mr. Silk with committing battery on another person without a weapon (fighting). On June 30, 2005, a disciplinary board found him guilty and sanctioned him with a loss of one hundred and eighty days of earned credit. Mr. Silk unsuccessfully appealed to the facility superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Silk alleges that there was insufficient evidence to find him guilty of fighting because "there was no physical or medical evidence given to substantiate that Mr. White and Mr. Silk were fighting." (Petition at p. 4). He further argues that he and White played around a lot, that "(i)f we were fighting we would not have stopped when we were told too [sic]," and that he and White "were horse playing and not fighting." (Petition 3 & 4).

A prison disciplinary board does not need physical or medical evidence to substantiate a charge of fighting between two inmates. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 at (1985). This standard "does not require evidence that logically precludes any conclusion but the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. The conduct report alone is sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The disciplinary board relied on the report of the officer who witnessed the incident and wrote on the conduct report that he observed that White and Silk "appeared to be punching each other." (Respondent's Ex. A). This statement by the reporting officer is sufficient to support the disciplinary board's finding of guilt.

For the these reasons, the court the court **DENIES** this petition.

SO ORDERED on June 21, 2006.

                                           S/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT